FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 1 3 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICK RYAN,

> Plaintiff,

– against –

NEW YORK CITY DEPARTMENT OF
EDUCATION, JOHN W. MCCABE,

> Defendants.

**MEMORANDUM, ORDER
& JUDGMENT**

11-Civ.-1628



**Appearances:**

| | |
|---|---|
| For Plaintiff: | Kronrad & David<br>69 Luyster Street<br>Huntington Station, NY 11746<br>By:    Jessica Lynn Kronrad |
| For Defendants: | Corporation Counsel of the City of New York<br>100 Church Street, Room 2-102<br>New York, NY 10007<br>By:    Megan Burrows Carpenter<br>         Of Counsel |

**JACK B. WEINSTEIN, Senior United States District Judge:**

I.     Introduction ................................................................................................................ 2

II.    Factual and Procedural Background ........................................................................... 3

III.   Law ............................................................................................................................. 5

   A. Subject Matter Jurisdiction Over NLRA and Labor Law § 740 Claims ................. 5

   B. Res Judicata ............................................................................................................. 6

   C. Retaliation ................................................................................................................ 7

      1. Summary Judgment Standard ............................................................................... 7

      2. Title VII, NYSHRL, and NYCHRL ..................................................................... 8

   E. Equal Protection ....................................................................................................... 9

1



F. Due Process ................................................................................................................ 10

IV.   Conclusion ................................................................................................................ 10

## I.   Introduction

Plaintiff Patrick Ryan sues his former employers, the New York City Department of Education ("DOE") and Custodian Engineer John W. McCabe, alleging retaliation under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL); violations of his right to equal protection under the Fourteenth Amendment and 42 U.S.C. § 1983; and violation of his rights as an employee under the National Labor Relations Act, (Pub. L. No. 74-198, 49 Stat. 452 (1935) (codified as amended at 29 U.S.C. § 151–169) and New York Labor Law § 740.  He also claims that defendant McCabe violated his due process rights by depriving him of his employment.

It is contended that McCabe engaged in a pattern of harassment and discrimination by filling plaintiff's personnel file with false accusations of misconduct.  Compl., Doc. Entry 1, April 4, 2011, ¶ 24-25 ("Compl.").  This culminated in plaintiff's termination after he filed suit against the defendants in a New York State court.  *See id.* ¶¶ 50-53.

Although the complaint alleges discrimination based on his age, marital status, and perceived sexual orientation, *see* Compl. ¶ 69, plaintiff's counsel now concedes that the only viable claim is for retaliation in the form of plaintiff's wrongful termination,  Pl.'s Opp. Mot. to Dismiss., Doc. Entry 31, September 23, 2011, ¶ 25 (Pl. Opp. MTD).

Defendants' motion for summary judgment is granted.  Plaintiff's fractious relationship with fellow employees, in addition to multiple allegations of misconduct, provided a non-retaliatory justification for discharge.

## II.    Factual and Procedural Background

Plaintiff was a custodial assistant at John Bowne High School from May 1999 until his termination in January 2010. Compl. ¶ 5, 20, 53. He is a white male and was thirty four years old at the time of his termination. Def. Mot. to Dismiss., Doc. Entry 22, June 17, 2011, at 11 ("Def. MTD"). The complaint makes no mention of plaintiff's marital status or sexual orientation. *See generally* Compl.

Defendant McCabe, the Custodian Engineer for the school, was plaintiff's employer of record from November 2005 until his termination. Compl. ¶ 25. Custodian Engineers are both civil servants and independent contractors. *United States v. Brennan,* 650 F.3d 65, at *3. They are retained by the DOE and are given a budget to hire custodians. *Id.* They have the sole discretion to hire and fire workers. *Id.*

Plaintiff and defendant McCabe were members of different unions. They were parties to a collective bargaining agreement (CBA) setting out the terms and conditions of employment and grievance procedures. Compl. ¶ 15-17.

While plaintiff had a satisfactory work record under prior Custodian Engineers, McCabe filed numerous memoranda concerning various deficiencies in Ryan's job performance and conduct. Compl. ¶ 25-51. Between 2006 and 2009, plaintiff was cited for the following misconduct: insubordination (August 10, 2006); abuse of property (September 6, 2006); improper use of sick days (April 3, 2007); disregard of work responsibilities (May 30, 2007); use of profanity and insubordination (October 17, 2007); failing to follow proper cleaning procedure (February 26, 2008); and improper use of sick days (February 26, 2008). *Id.* Several citations were written in response to complaints from the school principal. *See* Pl. Opp. MTD, Ex. B. For example, McCabe wrote that the principal complained that plaintiff interrupted a presentation he

3

was giving to a group of guests by pushing a broom with litter through the middle of the group. *Id.* Before his final firing, plaintiff's employment was terminated twice: in October 2007 for disrespectful behavior, and in December 2008 due to budget reductions. *Id.* ¶¶ 34-36, 48-49. His work hours were also reduced twice, in September 2008 and October 2009. *Id.* ¶¶ 41-51.

Plaintiff disputes these "false accusations." Pl. Opp. MTD ¶ 12. At the time of each incident, he filed detailed written responses rebutting the claims against him. *See id.*; *see also id.* Exs. B-E. He argues that the adverse memoranda were motivated by McCabe's animus towards the plaintiff. At various times, he has claimed that the harassment was motivated by a desire to fire custodians who pre-dated McCabe at the school, *see id.* Ex. B; by age, marital status, or perceived sexual orientation, *see* Compl. ¶ 69; or simply by McCabe's dislike of the plaintiff, *see* Pl. Opp. MTD ¶ 102 (alleging "class-of-one" discrimination).

In April and September 2008, plaintiff filed for workers' compensation after being injured on the job. Compl. ¶ 39, 41. He claims that defendant "failed to file plaintiff's [April] claim in a timely manner," delayin the processing of plaintiff's claim. Compl. ¶ 40. In September 2008, defendant cut plaintiff's position to part time. Compl. ¶ 41. Plaintiff requested a grievance hearing with his union. *Id.* Union officials told plaintiff at the hearing that the extra money from plaintiff's previous salary was needed to pay his workers compensation benefits. Compl. ¶ 43.

Plaintiff filed a notice of claim in November 2008, alleging "retaliation and violation of civil and constitutional rights, infringement of right to complain about personal actions, intentional infliction of emotional distress, hostile work environment, slander [and] libel." Def. MTD Ex. A, at 11. He commenced a tort action in New York Supreme Court in September 2009, seeking damages for intentional infliction of emotional distress, defamation, and violation

of the CBA. *Ryan v. City of N.Y.,* No. 114975/09, 2010 N.Y. Misc. LEXIS 2361 (Sup. Ct. N.Y. Co. 2010). The court dismissed Ryan's claims on several grounds, including failure to state a cause of action. *Id*

In January 2010, plaintiff was terminated following an "unprofessional" encounter reported by the principal of the school, in which plaintiff "cursed, refused to wait until students and staff member left [the] room to clean and created a fearful environment for a lab specialist and his students." Pl. Opp. MTD Ex. E. Plaintiff pursued his right under the CBA to challenge his termination through his union. Both a Step I grievance hearing on January 20, 2010 and a Step II hearing on February 2, 2010 upheld plaintiff's termination. Compl. ¶ 54-56. Plaintiff's subsequent request to his union for arbitration was denied, as was his appeal. Compl. ¶ 57-67.

After learning that his state court action was dismissed, plaintiff changed attorneys. He was advised, purportedly for the first time, to contact the EEOC. Pl. Opp. MTD Ex. I. He filed a charge of discrimination with the EEOC on November 24, 2010, claiming retaliation. *See* Pl. Opp. MTD ¶ 23; Def. MTD Ex. C. The N.Y. State Supreme Court granted him permission to file a late notice of claim. Pl. Opp. MTD ¶ 24.

## III.   Law

### A. Subject Matter Jurisdiction Over NLRA and Labor Law § 740 Claims

Subject matter jurisdiction over plaintiff's claims under the NLRA and New York Labor Law § 740 is lacking. The NLRA permits private employees to challenge unfair labor practices by their employers. The statute's protections, however, do not extend to public employees. *See* 29 U.S.C. § 152(2) (stating that an employer "shall not include ... any State or political subdivision thereof"); 29 U.S.C. § 152(3) (stating that an employee "shall not include any individual employed ... by any other person who is not an employer as herein defined"); *see also*

5

*Police Dep't of the City of Chicago v. Mosley,* 408 U.S. 92, 102 n.9 (1972); *Ford v. D.C. 37 Union Local 1549,* 579 F.3d 187, 188 (2d Cir. 2009). Section 740 of New York Labor Law, by contrast, creates a cause of action for any employee who is retaliated against for disclosing an employer's violation of law to a supervisor or to a public body; testifying regarding such a violation; or refusing to participate in the violation. N.Y. Lab. L. § 740(2), (4). Like the NLRA, "section 740 does not apply to public employers; rather, public employers are covered by New York Civil Service Law § 75-b." *E.g. DiBiase v. Barber,* No. 06-CV-5355, 2008 WL 4455601, at *5 (E.D.N.Y. Sept. 30, 2008).

McCabe and the DOE are public employers, and plaintiff is a public employee, as defined by the NLRA, *see* 29 U.S.C. § 152, and New York Labor Law § 740, *see DiBiase,* 2008 WL 4455601, at *5. Plaintiff argues that he is not a public employee because Custodian Engineers are independent contractors. Pl. Opp. MTD ¶¶ 111-113. This argument is meritless. Although McCabe hires his own employees, he is himself considered a "public employee." *Brennan,* 650 F.3d 65, at *46 (2d Cir. 2011) (finding that Custodian Engineers are public employees). He receives a budget from the DOE, and paid the plaintiff out of these public funds. Plaintiff admits that the DOE "is responsible for the custodial care" of all buildings under its control and "had the power to make personal decisions regarding the Plaintiff's employment." Compl. ¶¶ 8, 10.

Subject matter jurisdiction over the NLRA and N.Y. Labor Law § 740 claims is absent.

**B. Res Judicata**

Plaintiff's claims based on events that occurred prior to September 2009 are barred by res judicata. "A state court judgment must be given the same preclusive effect in federal court as it would have had in state court." *Burka v. N. Y. City Transit Auth.,* 32 F.3d 654 (2d Cir. 1994) (citing *Migra v. Warren City. Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984)).

6

New York follows a transactional approach to res judicata. *In re Hunter,* 827 N.E.2d 269, 274

(N.Y. 2005); *Burka,* 32 F.3d at 657. Accordingly, "once a claim is brought to a final

conclusion, all other claims arising out of the same transaction or series of transactions are

barred, even if based upon different theories or if seeking a different remedy." *In re Hunter,* 827

N.E.2d at 274; *see also O'Brien v. City of Syracuse,* 429 N.E.2d 1158, 1159 (N.Y. 1981); *Burka,*

32 F.3d at 657. Res judicata also bars "claims that could have been raised in the prior litigation"

even if they were never actually raised. *In re Hunter,* 827 N.E.2d at 274.

Claims stemming from the reduction in plaintiff's hours that occurred in October 2009, as

well as his ultimate termination and the grievance hearings that followed, are not barred.

Because these events occurred after the litigation, plaintiff could not have brought these claims

in his prior suit.

### C. Retaliation

#### 1. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and

if the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 250 (1986); *see also Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1,

5 (2d Cir. 1999). It is warranted when, after construing the evidence in the light most favorable

to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine

issue as to any material fact. Fed. R. Civ. P. 56(c); *see Anderson,* 477 U.S. at 247-50, 255;

*Sledge v. Kooi,* 556 F.3d 137, 140 (2d Cir. 2009).

The burden rests on the moving party to demonstrate the absence of a genuine issue of

material fact. *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir. 1995);

*see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). If the moving party appears to

meet this burden, the opposing party must produce evidence that raises a material question of fact to defeat the motion. *See* Fed. R. Civ. P. 56(e). This evidence may not consist of "mere conclusory allegations, speculation or conjecture[.]" *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also Delaware & Hudson Ry. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) ("Conclusory allegations will not suffice to create a genuine issue.").

### 2. Title VII, NYSHRL, and NYCHRL

To survive a motion for summary judgment, a plaintiff relying on circumstantial evidence of retaliation under Title VII must satisfy the tripartite burden-shifting test enumerated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This same test applies to retaliation claims under NYSHRL, and NYCHRL. *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (applying *McDonnell Douglas* to employment discrimination claims under the NYSHRL and the NYCHRL).

"In order to establish a prima facie case of retaliation, an employee must show (1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004). If the employer can articulate a legitimate, non-retaliatory reason for the adverse employment action, the "burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff claims that he engaged in four protected activities: 1) filing a workers' compensation claim; 2) complaining of verbal abuse and discrimination by McCabe and other

8

employees; 3) reporting safety violations to the DOE; and 4) commencing a state court action against his employer. Pl. Opp. MTD ¶ 69-75. His contention is that his termination was an adverse employment action causally connected to his protected activities. *Id.*

Assuming plaintiff has made a prima facie showing of retaliation, he has failed to show that he was not fired for a non-retaliatory reason. He was accused of multiple deficiencies in his work ethic and conduct. Compl. ¶ 25-51. He was reprimanded on numerous occasions for improper absences, insubordination, failure to follow procedure and for speaking disrespectfully to other employees in his school. *Id.* These included complaints from the school's principal. Pl. Opp. MTD, Ex. B. The adverse memoranda were filed over several years, long before plaintiff filed his initial lawsuit. Although he disputes McCabe's motive for filing these reports, he does not dispute that the underlying conduct occurred. Pl. Opp. MTD, Ex. C. He could not get along with his fellow employees. By continuously contesting these incidents instead of coming to grips with the need for reconciliation, plaintiff has shown a long-standing difficult relationships with others in the school.

Defendants have satisfied their burden of providing a legitimate non-retaliatory reason for plaintiff's termination. Plaintiff has failed to come forward with any evidence that shows pretext.

### E. Equal Protection

Like employment discrimination claims under Title VII, equal protection claims for workplace discrimination are analyzed under the *McDonnell-Douglas* burden shifting framework. *Demoret v. Zegarelli*, 451 F.3d 140, 149, 151 (2d Cir. 2006). As noted above, all allegations of discrimination prior to September 2009 are barred by res judicata. Even if plaintiff

9

has established a prima facie case of discrimination, his misconduct—as reasonably construed by his employer—is a legitimate, non-discriminatory reason for the reduction in his hours in October 2009 and his eventual termination in January 2010.

Plaintiff has not presented evidence that any employees who engaged in similar misconduct were treated differently. Nor has he presented any evidence to demonstrate that defendants' legitimate reason is pretextual.

### F. Due Process

Plaintiff additionally claims that the grievance hearings held by his union violated his due process rights under 42 U.S.C. § 1983 since he was not given the opportunity to confront witnesses or to proceed to arbitration. Pl. Opp. MTD ¶ 89-96. The argument is without merit. Plaintiff was given pre-deprivation notice of his termination, Compl. ¶ 53, and ample opportunity to present evidence in his favor at his post-deprivation Step I and Step II grievance hearings. *Hubbard v. Hanley,* 2010 WL 1914989 (S.D.N.Y. May 12, 2010), at \*4 (finding that a Step II grievance proceeding satisfied due process); *see also Cleveland Bd. Of Educ. v. Loudermill,* 470 U.S. 532, 545-46 (1985) ("The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story;" the hearing is "a minimal one" and "need not be elaborate.").

### IV. Conclusion

Defendant's motion for summary judgment is granted. Plaintiff's history of failing to please his superiors preceded his filing of his state court case. There is no evidence showing that

he was terminated for any reason other than his inability to get along with his supervisor.  The

case is dismissed.  No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   October 12, 2011
        Brooklyn, New York

11